IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 21 2025

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

_____Julius J Tapia_____, Plaintiff

v.

_____See Attached_____,

**Jury Trial requested:**
(please check one)
__■__ Yes ____ No

_____,

_____,

_____, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

## PRISONER COMPLAINT

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

A. **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Julius J Tapia #174348 Arrowhead Correctional Center P.O. Box 300 Canon City, Co 81215
(Name, prisoner identification number, and complete mailing address)

_____
(Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

___ Pretrial detainee
___ Civilly committed detainee
___ Immigration detainee
■ Convicted and sentenced state prisoner
___ Convicted and sentenced federal prisoner
___ Other: (*Please explain*) _____


B. **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Clear Creek County Sheriff,          P.O. Box 518 Georgetown Co, 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ■ Yes ___ No (*check one*). Briefly explain:

The Clear Creek County Sheriff is the entity that is responsible for housing

Federal and State inmates who are detained within county lines.

Defendant 1 is being sued in his/her ___ individual and/or ■ official capacity.

2

Defendant 2:   Deputy Lerebour, Sheriff Deputy,    P.O. Box 518 Georgetown Co, 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __•__ Yes ___ No (*check one*). Briefly explain:

Deputy Lerebour was an employee of the Clear Creek County Sheriff and was working in the jail at the time of the incident.

Defendant 2 is being sued in his/her __•__ individual and/or __•__ official capacity.

Defendant 3:   Deputy Croshaw, Sheriff Deputy,    P.O. Box 518 Georgetown Co, 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? __•__ Yes ___ No (*check one*). Briefly explain:

Deputy Croshaw was an employee of the Clear Creek County Sheriff and was working in the jail at the time of the incident.

Defendant 3 is being sued in his/her __•__ individual and/or __•__ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

__•__   State/Local Official (42 U.S.C. § 1983)

____   Federal Official
As to the federal official, are you seeking:
____ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
____ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

____   Other: (*please identify*) _____

**D.   STATEMENT OF CLAIM(S)**

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:   PREA

    Claim one is asserted against these Defendant(s): Deputy Lerebour, Deputy Croshaw, Sgt. Rodriguez and the Clear Creek County Sheriff

    Supporting facts: I was sitting in the day room with my shirt off waiting to take a shower when Deputies Lerebour and Croshaw came into the unit for a walkthrough. During his walk Deputy Lerebour stopped as him and Deputy Croshaw were about to leave the unit, gaining Deputy Crashaw's attention, looks at me and makes a comment about how I look without my shirt on, specifically about my nipples and how it looks like I have "GYNO". Deputy Croshaw then backtracked from the door, bent down to make a show of looking at my nipples and comments to Deputy Lerebour, "Yea, Looks like it!" and the two deputies leave the unit smiling and snickering about their comments, body shaming me in front of all of the inmates in Delta Unit. That night I filed a PREA report on both deputies for sexual harassment. Sgt. Rodriguez was given the job to investigate the incident. He claimed that the PREA accusations were "Unfounded" as the deputies were merely expressing a concern to what they believed was a medical condition and that they recommended for me to seek medical attention for. Sgt. Rodriguez followed up his response by telling me that I should have had my shirt on anyways, implying that it was my fault that the two deputies attacked me verbally about how my nipples looked. Neither Deputy was certified or had any schooling to qualify them to make any such medical observation as Sgt Rodriguez had claimed.

    I then filed an appeal to Sgt. Rodriguez findings asking to be shown video and audio footage of exactly where the two deputies had expressed any concern towards me or had mentioned anything about seeking medical attention. I continued to state in the appeal that me having my shirt off, even though it was against the rules of the jail, did not justify the two deputies' actions/attempt to humiliate and body shame me in front of the whole unit. I expressed to Sgt. Rodriguez that it was wrong for him to imply it was my fault and compared it in context to a rapist saying it was the girl/woman's fault to of been raped for wearing short shorts. I never got any response to the appeal and the deputies were allowed to continue to work the units. Sgt. Rodriguez also failed to provide me with any proof via audio or video of the two deputies expressing any medical concern as he had stated in his PREA investigation report.
    *Please see attached documents labeled "D. STATEMENT OF CLAIMS"*

4

E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated?  __•__ Yes ___ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s):          Adams county et al.

Docket number and court:          Unknown

Claims raised:                    Cruel and Unusual Punishment

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?)   Dismissed

Reasons for dismissal, if dismissed:   I was homeless and didn't maintain an accessible mailing address for correspondence with the courts.

Result on appeal, if appealed:    N/A


F.   ADMINISTRATIVE REMEDIES

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

   __•__ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

   __•__ Yes ___ No (*check one*)

5

### G. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

Requesting
I am monetary relief.

I request that ALL defendants, in their official capacity, pay in the amount of $1,000,000 in Punitive Damages.

I am requesting that defendant(s): Deputy Lerebour, Deputy Croshaw and Sgt. Rodriguez, in their individual capacity, each pay in the amount of $25,000.

I am requesting that the defendant(s): Ms. Dee, in their individual capacity, pay in the amount of $5,000.

### H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_Julius T. Tapia_____
(Plaintiff's signature)

March 18, 2025_____
   (Date)

(Revised November 2022)

6

DEFENDANT(S):

1. <u>Clear Creek County Sheriff</u>
2. <u>Deputy Lerebour</u>
3. <u>Deputy Croshaw</u>
4. <u>Sgt. Rodriguez</u>
5. <u>Ms. Dee (programs)</u>

## B. DEFENDANT(S) INFORMATION

Defendant 4:   Sgt. Rodriguez, Sargent,      P.O. Box 518 Georgetown Co, 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ▪ Yes ___ No (*check one*). Briefly explain:

Sgt. Rodriguez was an employee of the Clear Creek County Sheriff and was

Responsible for investigating the PREA in the incident.

Defendant 3 is being sued in his/her ▪ individual and/or ▪ official capacity.

Defendant 5:   Ms. Dee, Programs/Religious Coordinator,
P.O. Box 518 Georgetown Co, 81215
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  ▪ Yes ___ No (*check one*). Briefly explain:

Ms. Dee was an employee of the Clear Creek County Sheriff or of a company contracted with the Clear Creek County Sheriff who is in charge of all programs and religious materials for the entire jail.

Defendant 3 is being sued in his/her ▪ individual and/or ▪ official capacity.

⑪

## D. STATEMENT OF CLAIMS (CONT.)

If the D.A. was to of even contacted either deputy to ask for the charges to be dismissed they would have asked Deputy Croshaw as he was the one who signed off on the ticket that they wrote me for petty theft. Therefore Deputy Lerebour would have had no jurisdiction to have charges against me dropped for the ticket they filed against me in retaliation.

CLAIM THREE: <u>First Amendment Violation – Administrative Retaliation, Denial of Religious Rights</u>

 Claim three is asserted against these Defendant(s): Ms. Dee, Clear Creek County Sheriff

Supporting facts: During the first time I was incarcerated in the Clear Creek County Jail (Feb 2024 – Mar 2024) I was given a book by another inmate who was leaving and was told by them that I could keep the book. The book was called "unapologetically you". The book had no markings or indication that it belonged to programs. I had wrote my name in the book. Sometime later Ms. Dee came asking about the book as it was never returned by the inmate that had left. I returned the book to her immediately. Later that day I was called down to the "cage" and was told I had to pay for the book since I had wrote my name in it. I had apologized and had no issue with paying for the book. They charged me for the book and that was that.

I was released on parole and bond.

I was later arrested on a warrant as I had a FTA from the courts. (Approx. May 2024 – July 2024) After I had been booked into the Jail and gone to GP (general Population) I receive a kite on the tablet concerning any religious materials I may want. I had requested a Quran as I am Muslim. Ms. Dee responded saying that I was not allowed any books at all due to the issue from when I was last in jail as punishment. I filed a grievance against her that remained unanswered until December of 2024. I also stated that I was already punished for the incident and was charged to replace the book. I also stated to Ms. Dee in a kite that it was my right to be able to have a Quran. She said she didn't care and that she wasn't going to give me a Quran. I had to go back and forth with her, and the deputies for approx. a month before I was allowed to have a Quran issued to me. I also had requested through Ms. Dee to be able to attend bible study after I had been in the facility the required 30 days to be eligible for programs in which she said I was denied. I filed a grievance against her and the Admin of the facility for not allowing me to attend bible study. Ms. Dee stated that it was and "Administrative Decision" meaning that it was made in agreement with the Captain., LT., SGT., and any other employees of the Clear Creek County Sheriff along with Ms. Dee to not allow me to attend bible study.

This was all done in retaliation against me for having wrote my name in the book as I had explained above. I was already punished for that issue, was released from the jail even.

I was not allowed to attend bible study for the remainder of my time in the Clear Creek County Jail. I was sent to DOC on Feb 10 2025.

①

## D. STATEMENT OF CLAIMS

CLAIM ONE: <u>CONT.</u>

It is the job of the Clear Creek County Sheriff to have properly trained all employees concerning the ZERO TOLERANCE POLICY for PREA. This incident happened in July of 2024. I was not allowed to obtain copies of the paper/electronic grievances that I had filed throughout my incarceration before being released and transferred to DOC. I do have copies and a log where I documented exact times and dates for each incident where I was living prior to being arrested and sent to DOC. I just have no way to access the information at this time.

CLAIM TWO: <u>First Amendment Violation – Administrative Retaliation, Cruel and Unusual Punishment.</u>

Claim two is asserted against these Defendant(s): Deputy Lerebour, Deputy Croshaw, Sgt. Rodriguez

Supporting facts: During the time that Sgt. Rodriguez was investigation the alleged PREA claim I filed against the two deputies, Lerebour and Croshaw, filed petty theft charges against me for grabbing another inmates coffee mug that they had purchased on commissary during med pass because I had though it belonged to someone in my unit. When I was pulled out of the unit by the deputies about the situation I had explained that I thought it had belonged to another inmate within my unit, which they could verify as I had entered Delta pod yelling out, "Someone left their mug out on the bench" and placed it on the table in the day hall area. Someone had ended up grabbing it because it was no longer on the table within the next hour or two. I had assumed that whoever it belonged to had grabbed the mug. I told Deputy Lerebour that I could go ask everyone and retrieve the mug so the trustee could have it back as it was obviously a mistake. He responded saying "I don't care about the mug" and "I don't know your intent on if you were trying to steal the coffee mug" and "You'll have your day in court Mr. Tapia". The deputies had known that I had posted my bond to be released that day and still filed charges against me knowing there was absolutely no intent of me depriving the other individual of the mug permanently. This was done in retaliation against me for filing the PREA charges against them a few days earlier in an attempt to have my bond conditions violated and revoked.

I then filed a motion for dismissal to the D.A. stating that the charges were filed maliciously and frivolously against me in retaliation for me filing PREA. I stated all the elements that consist of theft and how I did none of those things. The D.A. dismissed the alleged petty theft charges against me the same day I filed my motion for dismissal with the courts.

The night that the D.A. dismissed my charges Deputy Lerebour called me out to the "cage" and stated that the D.A. had asked him if he wanted to drop the charges against me and that he said he would, as if he was doing me a favor.

That was a lie.

(2)



2-3!

03/19/2025
US POSTAGE $02.31
ZIP 81212
041L11241745

Colorado Department of Corrections
Name Julius J. Tapia
Register Number 124318
Unit ACC-E-3u-5
Box Num: 300
City, State, Zip Canon City, CO 81215

Clerk of th Court
Alfred A Array Courthouse
901 19th Street A105
Denver Co, 80294-3589

DOC# 174348 OFFENDER LAST NAME TAPIA INT J

STAFF NAME Boone INT 830Am JB

FACILITY ACC DATE REC'D 3/18/25